Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 757 | DATE | 10/22/2001 |
| CASE TITLE | Tyrone Carter vs. U. S. Department of Education | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The Department's motion to dismiss (Doc. 5-1) is granted. Plaintiff's motion to discharge (Doc. No. 3-1) is denied. This case is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 23 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 9 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 OCT 22 PM 5: 16 | 10/22/2001 date mailed notice | |
| ETV courtroom deputy's initials | | Date/time received in central Clerk's Office | ETV mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE CARTER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 01 C 757 |
| U.S. DEPARTMENT OF EDUCATION, | ) ) | Judge Rebecca R. Pallmeyer |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tyrone Carter ("Carter"), pro se, brings this action against the United States Department of Education ("the Department"), alleging negligence and wrongdoing in the calculation of his student loan debt and the interest thereon. Plaintiff seeks a discharge of the balance of his debt. Defendant now moves to dismiss this complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted. For the reasons discussed below, Defendant's motions are granted.

## DISCUSSION

Plaintiff's five student loans were administered between March 1, 1984 and September 28, 1989 under the Federal Family Education Loan Program (formerly the Guaranteed Student Loan Program). (National Student Loan Data System, Aggregate Loan Information, Ex. A, Defendant's Written Status Report and Motion to Dismiss.) Of these five, three are now administered by the Department. Plaintiff obtained the three loans at issue here to study welding at the Milwaukee Area Technical College. (Promissory Notes, Exs. B, E, H to Defendants' Report and Memo.) He obtained two other loans to study at Malcolm X College in Chicago. (Ex. A.) The loans were



provided under the Higher Education Act of 1965, as amended (hereinafter "HEA")(20 U.S.C. 1071 et seq.). Although Carter does not allege a jurisdictional basis for his complaint, the HEA appears to be the federal statute most closely relevant to his action.

Although the Seventh Circuit has not specifically addressed the issue, other courts considering the matter have held that the HEA does not provide a private right of action for individual plaintiffs. *See, e.g., L'ggrke v. Bekula*, 966 F.2d 1346, 1347-48 (10th Cir. 1992) (business student alleging wrongful retention of funds and breach of fiduciary duties under HEA failed to state a claim); *Williams v. National Sch. of Health Tech.*, 836 F. Supp. 273, 278-281 (E.D. Pa. 1993); *Hudson v. Academy of Court Reporting, Inc.*, 746 F. Supp. 718, 721 (S.D. Ohio 1990). Accordingly, this court finds that Carter has not stated a cognizable claim under HEA, and his action must be dismissed. This conclusion is only bolstered by case law suggesting that the Department of Education enjoys sovereign immunity against suits to which it has not consented. *See Myler v. United States Dep't of Educ.*, 863 F.2d 49 (6th Cir. 1988) (unpublished opinion); *Pettis v. United States Dep't of Educ.*, 146 B.R. 653, 655 (E.D. Pa. 1992); *Hankerson v. United States Dep't of Educ.*, 138 B.R. 473, 478 (E.D. Pa. 1992). Thus, even if there were some basis for a suit against a lender or education institution under the HEA, Plaintiff's action against the Department is a nonstarter.

The legal disposition of this case renders any exacting scrutiny of the merits of Plaintiff's claim unnecessary. In an effort to assist Mr. Carter, however, the

2

Department's counsel has furnished a number of documents that clarify Plaintiff's loan history. Having reviewed those materials briefly, the court notes that nothing in the record suggests that Defendant has negligently or deliberately wronged Plaintiff. Among the twenty-five exhibits composing Defendant's report are promissory notes; copies of disbursement checks paid to Plaintiff; loan records, including summaries of unpaid principal and interest in arrears; lender disclosure records detailing the amounts Plaintiff borrowed, interest rates, and repayment schedules; credits for payments made by Plaintiff; and a chart of interest accrual since the Department acquired Plaintiff's loans from private lenders. Defendant's Motion includes lengthy summaries of the history and calculation of each of Plaintiff's five outstanding student loans, only three of which are now held by the Department.

The report provided by Defendant suggests the following chronology for the three Department loans. First, on three occasions in 1988, Plaintiff signed a promissory note and took out a student loan from a lender. Each of the loans had a grace period of six months, and Plaintiff was therefore scheduled to begin repaying the three loans on different dates in late 1988 and early 1989. Although the records before the court suggest that there was no consolidation of the three loans, Plaintiff defaulted on all of them on the same day, July 17, 1990. After these defaults, the loans were transferred from the private lenders to the Wisconsin Higher Education Corporation (now called the Great Lakes Higher Education Corporation), a guaranty agency which paid Plaintiff's private lenders and took possession of his loan and the unpaid interest that had accumulated on it. After taking over the loans, the guaranty agency sought

3

payment from Plaintiff on the loans, which continued to accrue interest on the unpaid principal. Plaintiff made some payments and this money was applied to paying interest and collection costs which had accumulated. Plaintiff's debt balance continued to grow, however, as the accrued interest outstripped his payments. Finally, on January 27, 1996, the guaranty agency transferred the loans to the Department, which is now seeking repayment of the original balance as well as the interest that has accumulated in the intervening years.

The court has seen no records suggesting that Plaintiff's loans were discharged in bankruptcy or for any other reason. As noted, Defendants' records appear scrupulous and thorough. In his brief, Plaintiff charges the Department with negligence and with falsification of his interest obligations. He does not explain the nature of the Department's alleged wrongdoing, however. In the face of Defendants' extensive report and without specific allegations, this court sees no legal or factual basis for Plaintiff's assertions of misfeasance. In any event, as noted, there is no private right of action udner HEA and no right to bring this case against the government.

## CONCLUSION

The Department's motion to dismiss (Doc. No. 5-1) is granted. Plaintiff's motion to discharge (Doc. No. 3-1) is denied. This case is dismissed.

ENTER:

Dated: October 22, 2001

REBECCA R. PALLMEYER
United States District Judge

4